# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | ) )  |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 09-00768-CB-C ) |
| GULF ISLAND DEVELOPMENT, L.L.C., J. WAYNE MUSGROVE and JACK L. WHITT, | ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on a motion for summary judgment (Doc. 35) filed by the Plaintiff, Branch Banking and Trust Company (BB&T), which seeks to recover on a promissory note issued by Gulf Island Development, L.L.C. (Gulf Island) and on personal guaranties signed by Gulf Island's two principals, J. Wayne Musgrove and Jack L. Whitt. Gulf Island and Musgrove have filed a response stating "that they are now satisfied that Plaintiff is entitled to judgment relief requested in the Complaint." (Doc. 38) However, Whitt opposes summary judgment, challenging the amount of damages claimed by the Plaintiff. (Doc. 39.) After due consideration of the issues raised in light of the evidence presented and the applicable law, the Court finds that the Plaintiff is entitled to summary judgment in the amount set forth in its motion.

## Findings of Fact

In August 2009, BB&T, a banking organization with its principal place of business in Winston-Salem, North Carolina, acquired various assets of Colonial Bank, National

Association.[1] Those assets included the obligations of Defendant Gulf Island and the guaranties of Defendants Musgrove and Whitt. Gulf Island is a limited liability company organized and existing in the State of Florida and has done business in Baldwin County, Alabama. Gulf Island has two members, J. Wayne Musgrove and Jack L. Whitt, each of whom is listed as a managing member in the company's articles of incorporation.

In January 2008, Gulf Island executed the last of various promissory notes entitled "Amended Promissory Note" (the Amended Note) in the principal amount of $2,782,191.00. Both Musgrove and Whitt signed the Amended Note as "Manager". The principal amount of the Amended Note was the entire total principal indebtedness owed by Gulf Island to Colonial upon its execution on or about January 23, 2008. There was no other active promissory note then in existence to evidence any indebtedness of Colonial to Gulf Island.

By its terms, the Amended Note was payable on demand. Absent demand, interest only was payable on the 15th of each month until the maturity date, November 15, 2008, at which time the entire balance became due. No additional promissory notes were executed by Gulf Island after the Amended Note. However, the parties did enter into extension agreements, each entitled "CLCS Extension Agreement," for the purposes of extending the maturity date of the promissory note. The final CLCS Extension Agreement was executed on or about May 15, 2009 by Musgrove as a member of Gulf Island and extended the maturity date until August 15, 2009. Paragraph 3 of that agreement states that Gulf Island "agrees that the Principal Outstanding on the Loan Documents as of 5/14/2009 is $2,670,527.38." No further extensions were granted after August 15, 2009. The loan was not repaid and is in default.

---

[1] This acquisition was part of a purchase and assumption agreement entered into with the Federal Deposit Insurance Corporation.

In connection with the loan to Gulf Island, Musgrove and Whitt each signed a personal guaranty agreement guaranteeing the indebtedness of Gulf Island to Colonial Bank. In those guaranty agreements, dated February 25, 2005, Musgrove and Whitt, as guarantors, "absolutely and unconditionally, jointly and severally, and without any limitation… guarantee[ ] the Indebtedness of [Gulf Island]." Furthermore, "[t]he guarantor's obligation [ ] includes all of the indebtedness of [Gulf Island] to the Bank, is continuing and includes any renewals and extension of the indebtedness or any part thereof." Musgrove and Whitt executed additional guaranty agreements--identical to their original guaranty agreements--on February 27, 2006 and November 15, 2007. None of the guaranties have ever been cancelled, and the debt referred to in those agreements is the same debt identified in the Amended Note and the three extension agreements.

The amount of indebtedness outstanding is $2,670,527.38, an amount confirmed in at least two ways. In September 2009, Musgrove provided a letter to Sam Nelson, Vice President of Commercial Lending for Colonial, in which Musgrove enclosed "a plan of reorganization of the debt of our company Gulf Island Development, LLS."[2] Musgrove Ltr., ECF No. 35-12. The "Gulf Island Development, LLC Debt Restructuring Plan" enclosed with the letter states that "[t]he current outstanding is $2,670,527.38." *Id.* Second, BB&T has provided the affidavit of Phillip Justiss, a vice-president with BB&T's Acquired Assets Group, a person with custody and control of the business records related to the Gulf Island loan. According to Justiss's review of those records: "As of August 15, 2009 [the date of default] the principal balance of the loan was $2,670,527.38." Justiss Aff. 4, ECF No. 35-2.

---

[2] This restructuring plan was not, as Whitt asserts, a bankruptcy plan, nor was it related to any bankruptcy filing. Rather, it was a plan proposed by the borrower (Gulf Island) to the lender (Colonial) to reduce and restructure the debt.

On November 19, 2009, BB&T filed the instant action against Gulf Island based on its default on the Amended Note. In addition, BB&T seeks to recover from Musgrove and Whitt as guarantors of the defaulted loan. In addition to the principal amount and interest, the Plaintiff requests an award of attorney's fees and costs.[3]

## Conclusions of Law

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied his responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id.*

This case presents an atypical situation because the plaintiff is the party seeking summary judgment. Where the moving party also has the burden of proof at trial,

> that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party. If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party, in response, come [s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

*United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (citations and internal quotation marks omitted; emphasis in original).

---

[3] The Amended Note entitles BB&T (as successor to the lender) to an award of all expenses, including attorney's fees, in the event of a default.

Liability in this case is undisputed. Gulf Island defaulted on the Amended Note and is liable for the unpaid balance of the loan, plus interest and attorney's fees. As guarantors, both Musgrove and Whitt are also liable for any unpaid loan amount owed by Gulf Island.

Whitt disputes the amount owed, although Gulf Island or Musgrove do not. Whitt disputes the amount because he contends that "Plaintiff has not demonstrated that the principal balance is in fact correct." Whitt's Rsp. to Summ. J. 2, ECF No. 39. In fact, BB&T has presented evidence to support its claim that the principal balance is correct. First is the September 2009 letter and proposed reorganization written on behalf of Gulf Island by Musgrove, one of its two principals. Second, BB&T's own records, as summarized in the Justiss affidavit, provide the principal amount owed on the loan. Whitt complains that there is no accounting or ledger in the record to demonstrate how BB&T computed the amount owed, but that complaint is irrelevant. BB&T has presented credible evidence of the outstanding balance. Because he has presented no evidence that BB&T's asserted amount is wrong, Whitt has failed to meet his burden on summary judgment.

In conclusion, the Court finds that Plaintiff BB&T is entitled to judgment against all Defendants in the amount claimed. Accordingly, it is **ORDERED** that Plaintiff's motion for summary judgment be and hereby is **GRANTED**. Judgment will be entered by separate order.

**DONE** and **ORDERED** this the 7th day of September, 2010.

                                            s/*Charles R. Butler, Jr.*
                                            **Senior United States District Judge**